UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **EMILIO ENRIQUE TAYLOR** | **CIVIL ACTION NO. 19-1140-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **SHERIFF PRATOR, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Emilio Enrique Taylor, ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on August 29, 2019. He is detained at the Caddo Correctional Center in Shreveport, Louisiana. He names Sheriff Steve Prator, Deputy Daniels, Deputy Holley, and the Caddo Correctional Center as defendants.

Plaintiff claim that on December 30, 2018, Deputy Daniels and Deputy Holley were on duty. He claims a fight occurred in his cell between one of his cellmates and another inmate. He claims he and his other cellmate later heard a noise in their cell and when they went to check they did not see anyone in the cell, but they did notice an intruder hiding next to the door. He claims another fight broke out as they attempted to get the intruder out of their cell. He claims three intruders used an I.D. card to open the cell door and

assaulted he and his cellmate. Plaintiff claims he was hit with a metal object which resulted in a gash to his forehead and excessive blood loss. He claims no guard came to save him from the assault as he laid on the ground in a pool of blood being hit in the head.

Plaintiff claims he was not sent to medical right away and was returned to his cell while the deputy broke up another fight in the day room. He claims that after another deputy noticed the blood on him, he was sent to the medical station. He claims pictures were taken of his injury before he was transferred to the hospital for stitches. Plaintiff claims that after the attack, he suffered frequent headaches and lack of sleep because of pain. He claims he is epileptic, and the attack has taken a physical, mental, and emotional toll on him.

Plaintiff claims Sheriff Steve Prator is responsible for the attack and injury because he oversees the facility and its operations. He also claims Nightshift Sergeant Daniels is also responsible for the attack and injury because of negligence and failure to train employees to be vigilant and observant. He claims the cells should only be accessible to facility employees who allow inmates in and out of their assigned cells. Plaintiff claims the possibility of this attack could have been reduced and handled with efficiency. He claims the deputies were not competent and vigilant. He also claims the damage could have been minimized if inmates were not kept in cells with faulty doors that are accessible by Plaintiff claims Sheriff Steve Prator is responsible for the attack and injury because he oversees the facility and its operations. He also claims the Nightshift Sergeant Daniels is also responsible for the attack and injury because of negligence and failure to train

employees to be vigilant and observant. He claims the cells should only be accessible to facility employees who allow inmates in and out of their assigned cells. Plaintiff claims the possibility of this attack could have been reduced and handled with efficiency. He claims the deputies were not competent and vigilant. He also claims the damage could have been minimized if inmates were not kept in cells with faulty doors accessible by intruders.

Plaintiff seeks monetary compensation. For the reasons that follow, Plaintiff's complaint should be dismissed as frivolous.

## LAW AND ANALYSIS

**Failure to Protect**

The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged inmate violence is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

"It is not, however, every injury suffered by a prisoner at the hands of another that translates into constitutional liability for prison officials." Farmer, 114 S.Ct. at 1977. Instead, to prevail on a claim based on a failure to protect, the inmate must show that he is incarcerated "under conditions posing a substantial risk of serious harm" and that the defendant prison officials were deliberately indifferent to the inmate's health and safety. Id. at 1977-78. The test for deliberate indifference is a subjective one. Thus, "a prison

official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of fact from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1979.

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference. Plaintiff does not allege that he was personally subject to an excessive risk of attack, nor does he allege prison officials were aware of any excessive risk posed him by the attacking inmates prior to the actual attack. As such, Plaintiff cannot maintain that Defendants disregarded a risk to his safety by failing to take reasonable measures to abate it. Farmer, 114 S.Ct. 1970. Accordingly, the actions on the part of the prison officials do not evidence an attitude of deliberate indifference.

**Inadequate Training**

Plaintiff claims Sheriff Steve Prator is responsible for the attack and injury because he oversees the facility and its operations. He also claims Nightshift Sergeant Daniels is also responsible for the attack and injury because of negligence and failure to train employees to be vigilant and observant.

It is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of respondent superior. See, Mouille v. City of Live Oak, 977 F.2d 924 (5th Cir. 1992), cert. denied, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); Jennings v. Joshua Independent School District, 877 F.2d 313 (5th Cir. 1989), cert. denied, 496 U.S.

935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. Cronn v. Buffington, 150 F.3d 538, 544 (5th Cir. 1998). Plaintiff does not specifically allege that Sheriff Steve Prator or Nightshift Sergeant Daniels were personally involved in the alleged violation of his constitutional rights or implemented a policy that deprived him of his constitutional rights.

Supervisory officials may be held liable only if they were personally involved in the acts causing the deprivation of the prisoner's constitutional rights, or, if there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir.1987); Douthit v. Jones, 641 F.2d 345, 346 (5th Cir.1981) (per curiam).

Plaintiff has alleged no personal involvement on the part of Sheriff Prator and Sgt. Daniels, and he has alleged no causal connection between any act or omission by Sheriff Prator and Sgt. Daniels and the alleged constitutional violation. The only fault alleged is the conclusory allegation that these supervisors failed to provide adequate training to the officers. However, before Plaintiff may recover against Sheriff Prator and Sgt. Daniels, he must show that they were deliberately indifferent to his plight, and proof of more than one instance of improper training resulting in a constitutional violation is required before such lack of training constitutes deliberate indifference. Snyder v. Trepagnier, 142 F.3d 791, 798-99 (5th Cir.1998); Belt, 828 F.2d at 304-305. Plaintiff must demonstrate a pattern of similar violations. Snyder, 142 F.3d at 798. Finally, the inadequacy of training or

supervision must be obvious and obviously likely to result in harm. Snyder v. Trepagnier, 142 F.3d at 799; Thompson v. Upshur County, TX, 245 F.3d 447, 459 (5th Cir.2001).

Plaintiff alleged neither personal fault nor any basis for supervisor liability against Sheriff Prator and Sgt. Daniels. Plaintiffs' claims lack an arguable basis in law and in fact and are frivolous. Accordingly, Plaintiff's claims against Sheriff Prator and Sgt. Daniels should be dismissed as frivolous for failure to state a claim on which relief may be granted.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

The court finds that the complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in fact and law.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 20th day of April, 2020.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE